UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **JAMES HOLDEN, JR.,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action Number |
| ) | **5:16-cv-08090-AKK** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

James Holden, Jr., a federal prisoner, seeks to have his sentence vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255 in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Doc. 1. For the reasons explained below, Holden's petition is **DENIED**.

### I.  STANDARD OF REVIEW

Following conviction and sentencing, 28 U.S.C. § 2255 allows a federal prisoner to file a motion in the sentencing court "to vacate, set aside or correct the sentence" on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). To obtain relief under § 2255, a petitioner must: (1) file a non-successive

petition or obtain an order from the Eleventh Circuit authorizing a district court to consider a successive § 2255 motion, 28 U.S.C. § 2255(h), § 2255 Rule 9; (2) file the motion in the court where the conviction or sentence was received, *see Partee v. Attorney Gen. of Ga.*, 451 F. App'x 856 (11th Cir. 2012); (3) file the petition within the one-year statute of limitations, 28 U.S.C. § 2255(f); (4) be "in custody" at the time of filing the petition, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); (5) state a viable claim for relief under the heightened pleading standards of § 2255 Rule 2(b), *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); and (6) swear or verify the petition pursuant to 28 U.S.C. § 1746. Finally, "[i]n deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*

## II. PROCEDURAL HISTORY

After Holden pleaded guilty to two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Counts I and II), *see* SEALED doc. 17 in case no. 5:14-cr-00231-AKK-SGC, the undersigned sentenced Holden to concurrent prison terms of one hundred twenty months as to each count.

*See* doc. 36 in case no. 5:14-cr-00231-AKK-SGC. Holden did not file a direct appeal. Doc. 1 at 1. As a result, his conviction became final on April 13, 2015.[1] Holden subsequently filed this § 2255 motion on June 21, 2016. *Id.* at 19.

### III.  ANALYSIS

Holden contends that his sentences are unconstitutional because his "listed prior convictions no longer qualify as convictions for 'crimes of violence' in light of *Johnson*," and, therefore, he "does not have the requisite number of qualifying predicates for an armed career criminal enhancement." Doc. 1 at 19; *see also id.* at 14, 16. Holden's motion fails for several reasons.

As an initial matter, Holden's motion is untimely. *See* 28 U.S.C. § 2255(f)(1). Specifically, the conviction became final on April 13, 2015, and Holden did not file this motion until June 21, 2016, over a year later. The court is not persuaded by Holden's contention that his motion is timely due to a "new rule of constitutional law made available pursuant to *Johnson v. United States* . . . and *Welch v. United States*." Doc. 1 at 11. While Holden is correct that, where a movant seeks to benefit from a new Supreme Court decision, the movant has one

---

[1] When a defendant does not appeal the original judgment of conviction, the judgment becomes final when the time for filing a direct appeal expires. *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000). The Federal Rules of Appellate Procedure provide that, in a criminal case, "a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(1)(A). In Holden's case, the fourteenth day from March 30, 2015 was April 13, 2015.

year from the date of that decision to file his motion, *see Dodd v. United States*, 545 U.S. 353, 360 (2005), Holden's motion does not assert a cognizable *Johnson* claim.

*Johnson* declared void for vagueness the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), that defined "violent felony" to include offenses that "involve[] conduct that presents a serious potential risk of physical injury to another" comparable to "burglary, arson, or extortion" or an offense that "involves the use of explosives." *See* 135 S. Ct. at 2557–60. According to Holden, the invalidation of this residual clause means that "he no longer has the required three prior convictions to sustain an application of the harsh provisions of [the ACCA] which served to increase his otherwise statutory maximum for a general 18 U.S.C. § 922(g)(1) offense." Doc. 1 at 13. This contention is unavailing, because, as an initial matter, the court did not "increase" the statutory maximum. *See* docs. 24 & 25 in case no. 5:14-cr-00231-AKK-SGC (imposing the statutory maximum sentence of one hundred twenty months). Moreover, the court did not enhance Holden's sentence under the ACCA, which "enhances [a] federal felon-in-possession sentence when the defendant has at least three prior convictions for either a violent felony or a *serious drug offense*." *Bido v. United States*, 438 F. App'x 746, 748 (11th Cir. 2011) (citing § 924(e)(1)) (emphasis added). In Holden's case, he had "three prior felony convictions — one

for Distribution of Cocaine and two for Possession of Cocaine."[2] SEALED doc. 17 in case no. 5:14-cr-00231-AKK-SGC. Therefore, for the ACCA to apply, all three convictions had to constitute a "serious drug offense," i.e. "an offense under State law, involving manufacturing, *distributing*, or *possessing with intent to manufacture or distribute*, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii) (emphasis added). Because only one of Holden's prior convictions fit this definition (*i.e.*, the distribution offense), the court did not sentence Holden as an armed career criminal under § 924(e).

Holden's contentions regarding the enhancement based upon U.S.S.G. § 4B1.1, doc. 1 at 15,[3] also fail because the Eleventh Circuit "has held that *Johnson* does not apply to sentences that were based on USSG § 4B1.1." *In re Clayton*, 829 F.3d 1254, 1256 (11th Cir. 2016). Alternatively, Holden's sentence based on his prior convictions for controlled substance offenses is "not even arguably affected by *Johnson*'s holding regarding the ACCA's residual-clause definition of a *violent felony*." *In re Williams*, 826 F.3d 1351, 1356 (11th Cir. 2016) (emphasis added).

---

[2] Holden states that his prior offense "for 2nd Degree Marijuana Possession . . . doesn't represent a crime of violence nor serious drug offense." Doc. 1 at 18. This is irrelevant, because the court did not consider this offense in sentencing Holden.

[3] Holden actually identifies section "4B1.2," but that section merely defines terms used in § 4B1.1.

Finally, Holden's petition fails because Holden has procedurally defaulted on his claims for relief by not raising these argument in a direct appeal. *See Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (defendant defaults in a collateral proceeding when he could have raised an issue on direct appeal but failed to do so); *McCoy v. United States*, 266 F.3d 1245, 1258–59 (11th Cir. 2001) (failure to raise claim makes the claim procedurally defaulted, even if it was explicitly foreclosed by existing circuit precedent at the time of defendant's direct appeal).

## IV. CONCLUSION AND ORDER

In light of the foregoing, the court finds that Holden's arguments are either procedurally barred or fail to establish a sufficient basis to vacate his sentence under 28 U.S.C. § 2255.[4] Accordingly, his § 2255 petition is **DENIED**. The clerk

---

[4] Holden's "Motion to Mute and Supplement 28 U.S.C. § 2255," in which Holden asks the court to "mute his initial supplement and permit the instant motion to supplement his currently pending § 2255 motion," doc. 4 at 1, is **GRANTED**. Accordingly, the initial motion to supplement, doc. 3, is **MOOT**. Turning to the second supplement, doc. 4, Holden seeks relief based on the Supreme Court cases of *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016), and the Fifth Circuit case of *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). Doc. 3. The court has reviewed these cases, but finds that none of the cases applies to Holden's situation. Specifically, in *Mathis*, the Court held that the ACCA does not make an exception to the rule that "the prior crime qualifies as an ACCA predicate if, but only if, its elements are the same as, or narrower than, those of the generic offense," when a defendant "is convicted under a statute that lists multiple, alternative means of satisfying one (or more) of its elements." 136 S. Ct. at 2247–48. *Hinkle* vacated a sentence based on an improper "career-offender enhancement" in light of *Mathis*. 832 F.3d at 571. These cases are not applicable because, as previously explained, the court did not sentence Holden as an armed career criminal or enhance his sentence as a "career-offender."

is directed to close this file, and to terminate docs. 27 & 28 in case no. 5:14-cr-00231-AKK-SGC-1.

      **DONE** the 11th day of August, 2017.

                                             _____
                                               **ABDUL K. KALLON**
                                         UNITED STATES DISTRICT JUDGE

---

Finally, the Court in *Molina-Martinez* held that a defendant "can rely on the application of an incorrect Guidelines range to show an effect on his substantial rights." 136 S. Ct. at 1348. Holden has not shown that the court incorrectly applied the guidelines in calculating his sentence.